August 14, 2008

The Honorable Tony Goolsby
Chair, Committee on Administration
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0654

Re: Whether the holder of a rehabilitation permit from the Parks and Wildlife Department is exempt from the application of section 822.102(a)(5) of the Health and Safety Code with regard to dangerous wild animals not covered by the permit (RQ-0679-GA)

Dear Representative Goolsby:

You ask whether the holder of a rehabilitation permit from the Parks and Wildlife Department is exempt from the application of section 822.102(a)(5) of the Health and Safety Code with regard to dangerous wild animals not covered by the permit.[1]

Subchapter E, chapter 822 of the Health and Safety Code relates to "dangerous wild animals." Section 822.103(a) thereof declares that "[a] person may not own, harbor, or have custody or control of a dangerous wild animal for any purpose unless the person holds a certificate of registration for that animal issued by an animal registration agency."[2] TEX. HEALTH & SAFETY CODE ANN. § 822.103(a) (Vernon 2003). Chapter 822 defines a "dangerous wild animal" to include a lion, tiger, ocelot, cougar, leopard, cheetah, jaguar, bobcat, lynx, serval, caracal, hyena, bear, coyote, jackal, baboon, chimpanzee, orangutan, gorilla, "or any hybrid" of one of these animals. *Id.* § 822.101(4).

Another section of chapter 822 lists a number of exceptions to the registration requirement of section 822.103(a), among them governmental agencies, research facilities, and zoos. *Id.* § 822.102(a)(1)–(3) (Vernon Supp. 2007). Whereas the exceptions for governmental agencies, research facilities, and zoos apply to those entities directly, other exceptions apply to the animals

---

[1]Letter from Honorable Tony Goolsby, Chair, Committee on Administration, Texas House of Representatives to Honorable Greg Abbott, Attorney General of Texas (Feb. 20, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]"Animal registration agency" is defined as "the municipal or county animal control office with authority over the area where a dangerous wild animal is kept or a county sheriff in an area that does not have an animal control office." TEX. HEALTH & SAFETY CODE ANN. § 822.101(1) (Vernon 2003).

themselves. One of these exceptions states that subchapter E does not apply to: "(5) an injured, infirm, orphaned, or abandoned dangerous wild animal while being rehabilitated, treated, or cared for by a licensed veterinarian, an incorporated humane society or animal shelter, *or a person who holds a rehabilitation permit issued under Subchapter C, Chapter 43, Parks and Wildlife Code.*" *Id.* § 822.102(a)(5) (emphasis added) [hereafter "exception 5"].

A rehabilitation permit issued under subchapter C, chapter 43 of the Parks and Wildlife Code is granted with respect to a limited class of animals. Subchapter C, chapter 43 relates to "Permits for Scientific Research, Zoological Collection, Rehabilitation, and Educational Display," and section 43.022 thereof declares that "[n]o person may collect, hold, possess, display, transport, release, or propagate protected wildlife for the purposes of this subchapter without a permit issued under this subchapter." TEX. PARKS & WILDLIFE CODE ANN. § 43.022(a) (Vernon 2002). Section 43.021 defines the term "protected wildlife" as:

> all indigenous mammals, indigenous birds, indigenous reptiles, indigenous amphibians, indigenous fish, and other indigenous aquatic life the taking, collecting, holding, possession, propagation, release, display, or transport of which is governed by a provision of this code other than this subchapter or by a [Parks and Wildlife] commission rule adopted under any provision of this code other than this subchapter and includes endangered species.

*Id.* § 43.021. Thus, under section 43.022, only "indigenous mammals" may be the subject of a rehabilitation permit.

While a rehabilitation permit issued under section 43.022 of the Parks and Wildlife Code pertains only to "indigenous mammals," chapter 822 of the Health and Safety Code pertains to "dangerous wild animals," a class that includes mammals that are not indigenous, such as tigers and gorillas.[3] It has been suggested that section 822.102(a)(5) of the Health and Safety Code, by declaring that the subchapter *is not applicable* to an animal in the care of a person who holds *a* rehabilitation permit issued under subchapter C, chapter 43 of the Parks and Wildlife Code, would exempt such an individual from the registration requirement of chapter 822 of the Health and Safety Code for *any* of the dangerous wild animals listed therein and would thereby entitle a person with a rehabilitation permit to possess or care for a dangerous wild animal of any kind. *See* Request Letter, *supra* note 1, at 2.

Although such a construction of section 822.102 could follow from a literal reading of exception 5 in isolation, we believe that it is contrary to the legislative intent of the statute when read

---

[3]You indicate that only four of the animals listed as "dangerous wild animals" in chapter 822 of the Health and Safety Code are "indigenous," specifically: "cougars, bobcats, bears, and coyotes." Request Letter, *supra* note 1, at 1. Although we have found no judicial decision defining the word "indigenous," its common meaning is "originating or occurring naturally in a particular place; native." NEW OXFORD AMERICAN DICTIONARY 865 (2001). The scope of the Parks and Wildlife Code is limited to the state of Texas, and thus "indigenous animals," are "native to Texas."

in context of chapter 822, subchapter E as a whole. *See Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002) (citing section 311.011(a) of the Code Construction Act for the proposition that words and phrases in statutes should be read in context and stating, "we consider a statute as a whole, not its provisions in isolation"); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone."). The manifest purpose of chapter 822, subchapter E is to protect the public's health and safety and provide a humane environment for dangerous wild animals. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 822.104(b)–(d) (application requirements for dangerous wild animal), 822.107 (liability insurance required for property damage and bodily injury caused by dangerous wild animal), 822.110 (attack by animal; escape of animal; liability), 822.111(a) (power to promulgate rules for confining animals that protect the public's health and safety, prevent escape by animals, and provide a safe and humane environment for an animal) (Vernon 2003). According to an analysis prepared by the House Research Organization, supporters of the bill that enacted chapter 822 said that it "would balance the need to protect the public safety while preserving the right to own dangerous wild animals." HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 1362, 77th Leg., R.S. (2001).

Moreover, the chapter 43 permit granted is specific to an animal or species. Rules of the Parks and Wildlife Department describe the process for obtaining a rehabilitation permit. Rule 69.44(a), for example, provides that "[a]ctivities authorized by a permit issued under this section shall be made only by the permittee(s) or subpermittee(s) named on the permit." 31 TEX. ADMIN. CODE § 69.44(a) (Tex. Parks & Wildlife Dep't, Wildlife Rehabilitation Permits, General Provisions) (2008). Rule 69.46 sets forth the requirements relating to permit applications. Such applications must be "made on forms supplied by the department." *Id.* § 69.46(a) (Application for Permit). The permit application, in turn, requires an applicant to "list the species you propose to rehabilitate," and to "state animal handling care experience." *See* TEX. PARKS & WILDLIFE DEP'T, WILDLIFE REHABILITATION PERMITS, WILDLIFE REHABILITATION APPLICATION, Form PWD 1052- W7000, *available at* http://tpwd.state.tx.us/business/permits/land/wildlife/#rehab (last visited July 22, 2008). An issued rehabilitation permit specifically states, as item number 8: "The following wildlife species are authorized by this permit to be received and possessed for rehabilitation purposes only." *See* TEX. PARKS & WILDLIFE DEP'T, REHABILITATION PERMIT (example) (on file with the Opinion Committee). Finally, subchapter E's protective regulations are cumulative of other state laws and are not intended to change other laws, particularly those addressing similar subjects. Section 822.116(a) expressly provides: "This subchapter [E] does not affect the applicability of any other, law, rule, order, ordinance, or other legal requirement of this state or a political subdivision of this state." TEX. HEALTH & SAFETY CODE ANN. § 822.116(a) (Vernon 2003); *see also id.* § 822.116(b) ("This subchapter does not prevent a municipality or county from prohibiting or regulating by ordinance or order the ownership, possession, confinement, or care of a dangerous wild animal.").

Consistent with the purpose and operation of subchapter E, exception 5 cannot be read to alter or expand the controls and requirements to which persons are subject under "other laws," "rules," or "legal requirements," such as subchapter C, chapter 43 of the Parks and Wildlife Code. In particular, such a conclusion would authorize a person who holds a permit to rehabilitate a songbird to care for a tiger or a gorilla without the necessity of obtaining a certificate of registration

under section 822.103. The Legislature, which as we have observed, enacted chapter 822 in part to protect the public from dangerous wild animals, could not have intended to entrust the care of a particular dangerous wild animal to a person who had no expertise in the handling of that animal nor the proper facilities to confine it.

Exception 5, when read in context of subchapter E as a whole and consistent with that portion of the Parks and Wildlife Code to which it refers and the permits granted pursuant thereto, does not allow a permit holder to care for the entire group of dangerous wild animals listed in section 822.101(4) of the Health and Safety Code and outside the scope of a chapter 43 permit. Rather, it is limited to those dangerous wild animals for which a rehabilitation permit has been issued under the authority of section 43.022 of the Parks and Wildlife Code. We conclude, then, that the holder of a rehabilitation permit from the Parks and Wildlife Department is not exempt from the application of section 822.102(5) of the Health and Safety Code with respect to animals not covered by that permit.

## S U M M A R Y

The holder of a rehabilitation permit from the Texas Parks and Wildlife Department is not exempt from the application of section 822.102(5) of the Health and Safety Code with respect to animals not covered by that permit, i.e., those animals that are not indigenous to Texas.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee